D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SYMBOL TECHNOLOGIES, INC.,

                      Plaintiff,

            -against-

VOICENET (AUST.) LTD. (AFT Corporation
f/k/a Voicenet (Aust.) Ltd.), and
RIMPEX CHILE, SA

                      Defendant.
----------------------------------------------------------X

**OPINION & ORDER**
**CV-03-6010 (SJF)(ARL)**

FEUERSTEIN, J.

On November 26, 2003, plaintiff Symbol Technologies, Inc. (plaintiff) filed a complaint against defendants Voicenet (Aust.) Ltd. (Voicenet) and Rimpex Chile, S.A. (Rimpex) alleging, *inter alia*, breach of contract. By order dated April 8, 2004, plaintiff's application for a seven (7) month extension of time within which to serve the summons and complaint on defendants, both of whom are foreign corporations, was granted. By order dated January 5, 2005, plaintiff's application for an additional six (6) months within which to serve the summons and complaint on defendants was granted. Thereafter, plaintiffs served Voicenet with the summons and complaint, but did not effectuate service on Rimpex. Subsequently, plaintiff's successive applications for additional time within which to serve Rimpex with the summons and complaint were granted, but by order dated July 19, 2007, plaintiff was directed to effectuate service of the summons and complaint on Rimpex by August 15, 2007 and was advised that no further extensions of time would be granted. Plaintiff has not indicated that service of the summons and complaint on

1

Rimpex has been effectuated and has not requested additional time to serve the summons and complaint on Rimpex.

DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion *or on its own initiative after notice to the plaintiff*, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. * * * (emphasis added).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." Hollomon v. City of New York, No. 04-CV-2964, 2006 WL 2135800, at * 3 (E.D.N.Y. Jul. 31, 2006) (citing AIG Managed Market Neutral Fund v. Askin Capital Management, L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000)). "[A] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." Id. (citations omitted). Plaintiff has not established what efforts, if any, were undertaken to effectuate service on Rimpex since September 2006, the date of its last application for an extension of time. Accordingly, plaintiff has not established good cause for its failure to effectuate service on Rimpex within the extensive period of time granted to it to do so.

Plaintiff is advised that if it fails to effectuate service of the summons and complaint, or to establish good cause for its failure to effectuate service of the summons and complaint, on

Rimpex within twenty (20) days of the date of this order, its complaint will be dismissed as against Rimpex in accordance with Rule 4(m).

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 1, 2007
       Central Islip, New York

Copies to:

Rivkin Radler LLP
EAB Plaza, 9th Floor
Uniondale, New York 11556

Lynch Daskal Emery LLP
264 West 40th Street
New York, New York 10018