UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

SYMBOL TECHNOLOGIES, INC.,

                Plaintiff,

        -against-

VOICENET (AUST.) LTD. (AFT Corporation
f/k/a Voicenet (Aust.) Ltd.), and
RIMPEX CHILE, SA

                Defendants.
------------------------------------------------------X

**OPINION & ORDER**
**CV-03-6010 (SJF)(ARL)**

FEUERSTEIN, J.

I.    Introduction

On November 26, 2003, plaintiff Symbol Technologies, Inc. ("Plaintiff" or "Symbol") filed a complaint against defendants Voicenet (Aust.) Ltd. ("Voicenet") and Rimpex Chile, S.A. ("Rimpex") alleging breach of a guaranty against Voicenet and alleging breach of contract and an account stated against Rimpex. Voicenet now moves for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, Voicenet's motion is granted in part and denied in part.

II.   Facts and Procedural History

    A.    Facts[1]

Symbol, a Delaware corporation with its principal place of business in Holtsville, New

---

[1] The facts are derived from Defendant's statement of material facts pursuant to Local Rule 56.1 and the accompanying affidavits and other evidentiary material filed in support of Defendant's motion for summary judgment, as well as Plaintiff's statement of material facts and the accompanying evidentiary material filed in response to the motion. The facts are undisputed unless otherwise indicated.

1

York, designs, manufactures and sells devices for reading bar codes. Defendant Voicenet (Aust.) Ltd. is an Australian company with its principal place of business in Australia. Defendant Rimpex Chile, SA, is a Chilean corporation with its principal place of business in Chile, and at all relevant times was a wholly owned subsidiary of Voicenet.

As of April 11, 2001, Rimpex owed Symbol one hundred sixty two thousand seven hundred eighty eight dollars and forty cents ($162,788.40) for goods sold and delivered. This debt was acknowledged by Voicenet, which proposed a payment plan to retire the Rimpex debt. Opp. Exh. 1. In addition, and in order to reestablish a line of credit for Rimpex, on or about April 30, 2001, Voicenet, as Guarantor, executed a guaranty (the "Guarantee") to Symbol, which provided that "in consideration of Symbol . . . extending credit for any goods which Symbol . . . may at any time supply to Rimpex . . . Guarantor guarantees the payment of such sums of money ... as are now, or at any time hereafter may be, owing to Symbol ... from said Rimpex...." Opp. Exh. 2. The Guarantee further provided that: "[n]otwithstanding anything contained elsewhere in this guarantee, the guarantor will only be liable under this Guarantee . . . for goods supplied on credit by Symbol Technologies Inc. to Rimpex Chile with the prior written approval of the Guarantor." Id. Following the execution of the Guarantee, Symbol made shipments to Rimpex, between April 2001 and January 2002. On November 26, 2003, Symbol filed a complaint alleging breach of the Guarantee against Voicenet and alleging breach of contract and an account stated against Rimpex.

B. Service of Process on Rimpex

Symbol effectuated service upon Voicenet on June 28, 2007. Although successive applications for additional time to serve Rimpex were granted, by Order dated July 19, 2007,

Symbol was directed to effectuate service of the summons and complaint on Rimpex by August 15, 2007 and was advised that no further extensions of time would be granted. By Order dated October 1, 2007, Symbol was advised that if it failed to effectuate service or establish good cause for its failure within twenty (20) days, the complaint would be dismissed as to Rimpex. Symbol has neither indicated that service of the summons and complaint on Rimpex has been effectuated, nor established good cause for its failure to serve Rimpex. Therefore, the complaint is dismissed as against Rimpex pursuant to the October 1, 2007 Order of this Court and Fed. R. Civ. P. Rule 4(m).

III.     Analysis

   A.    Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material "if it might affect the outcome of the suit under the governing law." Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). An issue of fact is genuine only if a fact-finder could reasonably find in favor of the nonmoving party based on that fact. Id. The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The trial court is required to construe the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. Id. at 252; Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

B.  The Guarantee

Voicenet moves for summary judgment, arguing that its prior written approval was a condition precedent to its liability under the Guarantee, and that Symbol has not produced evidence of prior written consent to Rimpex's orders. Symbol argues that correspondence between Voicenet and Symbol evidences Voicenet's written consent to assume liability for debts predating and postdating execution of the Guarantee, and that Voicenet is liable under the Guarantee for all of Rimpex's debts to Symbol.

A court must interpret a guaranty "in the strictest manner" White Rose Food v. Saleh, 788 N.E.2d 602, 603 (N.Y. 2003); citing Wesselman v Engel Co., 309 NY 27, 30 (N.Y. 1955); and Page v Krekey, 137 NY 307, 314 (N.Y. 1893), in favor of the guarantor. Kleet Lumber Co. v. Quail Homes of Long Island, Inc., 514 N.Y.S.2d 60 (3d Dept. 1987) ("the liability of a guarantor is to be narrowly construed"); see also Dunkirk Trust Co. v. Schmitt, 316 F.2d 537, 539 (2d Cir. 1963)("the obligations of a guarantor should be strictly construed").

Symbol claims that Voicenet is liable under the Guarantee for debts Rimpex owed to Symbol prior to the execution of the Guarantee, stating that "Symbol would not have accepted Rimpex's future orders without a guaranty that its existing debt would be paid," id. at 6, and that "Voicenet was aware of Rimpex's prior purchases" and it "acknowledged the existing debt," id. at 7, referring in particular to the April 12 e-mail, in which Voicenet wrote to Symbol, "the current amount of debt outstanding for the purpose of negotiating a payment plan as at [sic] 11 April 2001 is $162,788[.]40 USD." Id. Exh.1.

However, the terms of the Guarantee are unambiguous. "The explicit use of the phrase, 'Notwithstanding any other provision in this contract . . .'" plainly indicates [that this section is]

4

an exception to all other clauses in the contract,." ASOMA Corp. v. M/V Seadaniel, 971 F. Supp. 140, 143 (S.D.N.Y. 1997). Even if the phrase referring to debts "as are now" owing to Symbol as of the date of the Guarantee could be viewed as an ambiguous contract term, "Notwithstanding" means 'take[s] precedence over' and thus negates any contrary provision . . .." In re Gulf Oil/Cities Serv. Tender Offer Litig., 725 F. Supp. 712, 729-730 (S.D.N.Y. 1989).

Moreover, to the extent that Symbol contends that the phrase "as of now" can be interpreted to indicate a willingness by Voicenet to incorporate the acknowledged debt of one hundred sixty two thousand seven hundred eighty eight dollars and forty cents ($162,788.40) in the Guarantee, that claim is belied by Plaintiff's e-mail of May 19, 2001 which refers to the Guarantee and the reestablished line of credit and goes on to state: "I would also like to discuss with you the remaining payment plan of the old debt." Thus, Plaintiff has failed to raise a triable issue of fact that the Guarantee covers Rimpex's pre-Guarantee debt.

With respect to orders shipped after execution of the Guarantee, Symbol also claims that "Voicenet's correspondence raises a material issue of fact as to whether Voicenet provided prior written approval of the sale of products to Rimpex." Pl. Opp. p. 6. The Court agrees. Voicenet's April 12, 2001 e-mail states:

> In the interim I understand you have received an order from Rimpex. It would be appreciated if you could release this order to allow us to continue doing business.
> [...]

Pl. Opp. Exh. 1.

An April 19, 2001 e-mail from Voicenet to Symbol, states:

We have also received some more orders that require delivery of your product. I will arrange for these orders to be placed directly with you so that you can arrange delivery.

5

Pl. Opp. Exh. 3

> A May 19th e-mail from Voicenet states:
>
> Hopefully all conditions have now been met. However, it is very disappointing that to date none of the orders that I have authorised for release have been despatched.
>
> It was of utmost importance for the orders to be shipped and it seems to be that simple technicalities have held up our companies doing business. [...]
>
> From my side our part of the deal has been maintained and we are awaiting eagerley [sic] for your part of the negotiations to take effect. [...]
>
> I understand that Rimpex has already approx $500,000.00 USD of quotes in the market that are ready to be received and any further delays to our customers will jeapoardise [sic] furture [sic] business between us all.

Pl. Opp. Exh. 4

These writings could reasonably be interpreted as authorization or evidence of authorization for orders shipped to Rimpex. See Mack-Lowe v. Picault-Cadet, 2006 NY Slip Op 7620, 1 (1st Div. 2006). ("It is well settled that parol evidence may be admissible to establish a condition precedent to the legal effectiveness of a written contract if such condition is not contradictory to, or in variance with, the written terms of the agreement.").

IV. Conclusion

For the reasons stated above, Defendant's motion for summary judgment is GRANTED to the extent that it seeks payment of debt incurred prior to execution of the Guarantee and otherwise DENIED.

The parties are directed to appear in Courtroom 1010 at the Central Islip Courthouse, 100 Federal Plaza, Central Islip, New York, on *February 13, 2008, at 12:30 p.m.* for a settlement and/or scheduling conference with authority or persons with authority to resolve this action.

Further, the parties are directed to engage in good faith settlement negotiations prior to the conference.

IT IS SO ORDERED.

_____

SANDRA J. FEUERSTEIN

United States District Judge

Dated: January 4, 2008

Central Islip, New York

Copies to:

Laura L. Shockley
Michael P. Versichelli
Kenneth A. Novikoff
Rivkin Radler LLP
EAB Plaza, 9th Floor
Uniondale, New York 11556
Attorneys for Plaintiff

James R. Lynch
Lynch Daskal Emery LLP
264 West 40th Street
New York, New York 10018
Attorney for Defendant Voicenet (Aust.) Ltd.